**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELVIS MARIANO ALVARADO-
RAYMUNDO,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.    22-1222

Agency No. A213-143-334

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2023[**]
San Francisco, California

Before: S.R. THOMAS, BENNETT, and H.A. THOMAS, Circuit Judges.

    Elvis Mariano Alvarado-Raymundo, a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals (BIA) decision affirming

an Immigration Judge (IJ)'s decision denying him asylum, withholding of removal,

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, the BIA issues its own opinion, "[w]e review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). We review the BIA's factual findings regarding asylum, withholding of removal, and CAT protection for substantial evidence, affirming "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194, 1198, 1201 (9th Cir. 2023) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We deny the petition for review.

1. Substantial evidence supports the BIA's conclusion that Alvarado-Raymundo did not establish the required nexus for asylum or withholding of removal. To meet the nexus requirement, a noncitizen must show that his protected ground was "a reason" (withholding of removal) or "one central reason" (asylum) that he has been or will be harmed. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017) (citing 8 U.S.C.§§ 1158(b)(1)(B)(i), 1231(b)(3)(A), (C)).

2

Here, however, the evidence shows that the gang members who attacked Alvarado-Raymundo did so in order to rob him or recruit him for their gang. The record does not compel the conclusion that any protected ground was "a reason" or "one central reason" that the gang members harmed him.

2. Substantial evidence also supports the BIA's conclusion that Alvarado-Raymundo did not establish eligibility for CAT protection. For CAT protection, a noncitizen "must prove that it is 'more likely than not that he or she would be tortured if removed to the proposed country.'" *Id.* at 361 (quoting 8 C.F.R. § 208.16(c)(2)). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2); *Ahmed v. Keisler*, 504 F.3d 1183, 1200 (9th Cir. 2007); *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). In addition, "generalized evidence of violence and crime . . . not particular to [a] [p]etitioner[] . . . is insufficient" to establish eligibility for CAT protection. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Here, the IJ and BIA recognized that Alvarado-Raymundo was "the victim of actual harm, and death threats" in Guatemala. However, the record does not compel the conclusion that the harm he experienced was "extreme" rising to the

3

level of torture, *Ahmed*, 504 F.3d at 1201; *Vitug*, 723 F.3d at 1066, or that

Alvarado-Raymundo, in particular, would likely be tortured if he were removed to

Guatemala, *Delgado-Ortiz*, 600 F.3d at 1152.

**PETITION DENIED.**